UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| LETICIA HINOJOSA | § | |
| | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | C.A. No. 7:13-cv-00656 |
| | § | |
| | § | |
| COMPANION PROPERTY AND | § | |
| CASUALTY GROUP AND | § | |
| WELLINGTON CLAIM SERVICE INC. | | |
| | § | |
| Defendants. | § | JURY DEMANDED |

**PLAINTIFF'S MOTION TO REMAND**

TO THE HONORABLE JUDGE ALVAREZ:

Plaintiff LETICIA HINOJOSA ("Ms. Hinojosa" or "Plaintiff"), respectfully moves to remand this case to Texas state district court in Hidalgo County, Texas, and in support thereof would respectfully show the Court the following:

**NATURE OF CASE AND SUMMARY OF RELIEF REQUESTED**

1. On October 22, 2013, Plaintiff filed suit to recover for violations of the Texas Insurance Code (as well as other contract and common-law claims) by Defendants Companion Property and Casualty Group ("Companion") and Wellington Claim Service Inc. ("Wellington"), for the unlawful handling and delay of Plaintiff's insurance claim for the damage resulting from a hail storm on April 20, 2012. *See* Exhibit A.

2. Companion removed the case, claiming improper joinder of Texas Defendant,

adjuster Wellington. Instead of denying that Wellington was the adjuster for Plaintiff's claim, Companion's basis for removal is that there are no facts linking Plaintiff's claims to Wellington's conduct and that there is "no actionable relationship between Plaintiff and WCSI." *See* Notice of Removal [Doc. 1] at 2.6. Companion provided no evidence at all that Texas Defendant Wellington had no responsibility for the investigation or handling of the insurance claim at issue in this suit. In fact, Companion concedes that it "assigned Defendant WCSI to oversee the claims adjustment process" and that "WCSI is a Claims Management Agent hired by Companion and contracted to oversee Plaintiff's claim. *Id.* at 2.6 and 2.8.

3. As part of Companion's argument is based on Plaintiff's pleading filed in state court and Plaintiff's petition meets the standard of a state-court pleading, the Court should grant Plaintiff's request for remand. Plaintiff's state-court pleading survives the standard of stating a claim against Texas Defendant Wellington under Texas' "fair notice" pleading requirement because the allegations, if true, create a reasonable likelihood of recovery against Wellington. Furthermore, Texas law provides for liability against adjusters. It is of no import that "Plaintiff did not hire WCSI". Because Companion has failed to show that no reasonable possibility of recovery exists against Texas Defendant Wellington, Companion has not met its heavy removal burden. Therefore, Plaintiff respectfully requests that the Court remand this case back to state court.

## STANDARD OF REVIEW

4. A Defendant is permitted to remove an action filed in state court to federal court

only if the action is one which would have properly been filed in federal court. *See* 28 U.S.C. § 1441(a). An action is properly filed in federal court if the federal court has original jurisdiction over the matter, such as diversity jurisdiction. *See id.*; 28 U.S.C. § 1332(a). "It is well-established that the diversity statute requires 'complete diversity' of citizenship: A district court generally cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants." *Corfield v. Dallas Glen hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Whalen v. Carter*, 954 F.2d 1087, 1094 (5th Cir. 1992)). In determining diversity jurisdiction, a federal court may disregard the citizenship of parties that have been improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 572–73 (5th Cir. 2004) (en banc). A party that removes a case to federal court on the basis of diversity jurisdiction, claiming improper joinder of local defendants, bears a heavy burden in proving improper joinder. *See Travis v. Irby*, 326 F.3d 644, 649 (5th Cir. 2003); *Benton v. Lexington Ins. Co.*, No. 4:12-cv-01546, 2012 WL 3780312, slip op. at *2 (S.D. Tex. Aug. 31, 2012)).

**ARGUMENTS AND AUTHORITIES**

A. *Federal Courts Review Petitions for Purposes of Improper Joinder According to the Texas Pleading Standard.*

5. To establish improper joinder, the removing party must prove either that: (1) there has been actual fraud in the pleading of jurisdictional facts; or (2) there is no reasonable possibility that the plaintiff can establish a cause of action against the non-diverse defendant in state court. *Smallwood,* 385 F.3d at 573. "The burden of persuasion on those who claim fraudulent joinder is a heavy one." *Travis v. Irby*, 326 F.3d 644, 649

(5th Cir. 2003). In looking at the second basis for improper joinder, whether a plaintiff states a claim under state law against an in-state defendant, a court initially looks at allegations made in the state-court pleading. *Smallwood*, 385 F.3d at 573. All contested issues of fact must be resolved in favor of the plaintiff. *Id.*

6. The Fifth Circuit and several courts in this District have resolved that a federal court should look to the Texas pleading standard in determining whether a plaintiff has stated a claim for relief against an in-state defendant. *See De La Hoya v. Coldwell Banker Mex., Inc.*, 125 F. App'x. 533, 537–38 (5th Cir. 2005) (Reavley, J.) (unpublished opinion); *Yeldell v. Geovera Specialty Ins. Co.*, No. 3:12-cv-1908-M, 2012 WL 5451822, slip op. at *1 (N.D. Tex. Nov. 8, 2012) (Lynn, J.); *Windle v. Synthes USA Products, LLC*, No. 3:11-cv-2591-D, 2012 WL 1252550, slip op. at *4 (N.D. Tex. Apr. 13, 2012) (Fitzwater, J.); *Shioleno Indus., Inc. v. Liberty Mut. Fire Ins. Co.*, No. 3:11–cv–971–O–BK, 2012 WL 176572, slip op. at *3–4 (N.D. Tex. Jan. 6, 2012) (Toliver, Mag. J.); *Durable Specialties, Inc. v. Liberty Ins. Corp.*, No. 3:11–cv–739–L, 2011 WL 6937377, slip op. at *5 (N.D. Tex. Dec. 30, 2011) (Lindsay, J.); *Smith v. Shred–It USA*, No. 3:10–cv–831–O–BK, 2010 WL 3733902, at *2–3 (N.D. Tex. Sept. 23, 2010) (O'Connor, J.). As one court in the Southern District of Texas put it:

> The issue of improper joinder here is complicated by the substantial difference in pleading standards between Federal and Texas Rules of Civil Procedure. Pleading standards are far more lenient in Texas state court, as summarized in 1 Tex. Prac. Guide Civil Pretrial § 5:39 (Database updated through September 2010):
>
> A petition is sufficiently pleaded if one can reasonably infer a cause of action or defense from what is specifically stated. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex.1993); *In re Credit Suisse First Boston Mortgage Capital,*

4

> *LLC,* 273 S.W.3d 843, 850 (Tex. App.—Houston [14th Dist.] 2008, orig. proceeding) (petition can be sufficient if a claim reasonably may be inferred from what is specifically stated, and thus, a petition is not necessarily defective even if the plaintiff has not specifically alleged one of the elements of a claim); *In re P.D.D.,* 256 S.W.3d 834, 939 (Tex. App.—Texarkana 2008, no pet.); *San Saba Energy, L.P. v. Crawford,* 171 S.W.3d 323 (Tex. App.—Houston [14th Dist.] 2005, no pet.); *Tull v. Tull,* 159 S.W.3d 758, 762 (Tex. App.—Dallas 2005, no pet.) .... *Woolam v. Tussing,* 54 S.W.3d 442. 448 (Tex. App.—Corpus Christi 2001, no pet.) (pleadings will generally be construed as favorably as possible to the pleader; the court will look to the pleader's intendment and the pleading will be upheld even if some element of a cause of action has not been specifically alleged, and every fact will be supplied that can reasonably be inferred from what is specifically stated) ....
>
> *See also* 58 Tex. Jur.3d Pleading § 102 (Database updated October 2010) ("In the absence of a special exception, a pleading will be construed liberally in the pleader's favor, and every reasonable intendment will be indulged in favor of the pleading. The court will seek to discover the intendment of the pleader; and the pleading may be upheld even if some element of the cause of action or defense has not been specifically alleged. Every fact will be supplied that may reasonably be inferred or regarded as being implied by what is specifically stated.") (footnote citations omitted).
>
> …
>
> Because the Original Petition here was pleaded in Texas state court in accordance with the Texas pleading standard, it would be unfair to hold it to the more stringent standard in federal court.

*Centro Cristiano Cosecha Final, Inc. v. The Ohio Casualty Ins. Co.*, No. H-10—1846, 2011 WL 240335, slip op. at *12-14 (S.D. Tex. Jan. 20, 2011) (Harmon, J.).[1]

7.    The circumstances of *Benton v. Lexington Ins. Co.* are similar to those of this case. No. 4:12-cv-01546, 2012 WL 3780312, slip op. at *2 (S.D. Tex. Aug. 31, 2012).  The *Benton* plaintiff property owner filed suit against Lexington Insurance Company, as well as the third party adjusting firm and the adjuster responsible for adjusting Benton's claim. *Id.*

---

[1] This Court has agreed that "in the improper joinder context, the Court evaluates the petition under the state-court pleading standards." *See Garza v. Geovera Specialty Ins. Co.*, No. 7:13-CV-525, 2014 WL 66830, slip op. @ *1, fn 12 (S.D. Tex. Jan. 8, 2014); *Rocha v. Geovera Specialty Ins. Co.*, No. 7:13-CV-589, 2014 WL 68648, slip op. *1, fn 11 (S.D. Tex. Jan. 8, 2014).

at *1. Lexington filed a Notice of Removal claiming the Texas-resident adjuster was improperly joined in the state court action. *Id.* After considering Benton's Motion to Remand, the court explained, "it is Lexington's heavy burden to establish with certainty that the plaintiff has *no reasonable possibility* of recovery against [adjuster] individually." *Id.* at *6 (emphasis in original). Because Lexington failed to provide any "evidence from which [the court] could forecast that the plaintiff has no reasonable possibility of recovery against [adjuster] in state court," Lexington failed to carry its burden of proving improper joinder and the case was properly remanded back to state court. *Id.*

8. "Texas follows a 'fair notice' standard for pleading, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant." *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000). A party's pleadings are construed liberally in favor of the pleader. *Id.* at 897. A state court petition is sufficiently pled if a court can reasonably infer a cause of action from what is stated. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993).

**B. Factual Allegations Provide a Basis for Possibility of Liability Against Texas Defendant, Wellington.**

9. Plaintiff's petition alleges the following:

- This suit arises from Defendants' wrongful acts in handling of Plaintiff's claims under its Property Insurance policy (the "Policy") for damages caused by a hail storm that occurred on or about April 20, 2012. The Policy was sold by Companion to Ms. Hinojosa as the insured under the policy.
- On or about April 20, 2012, Ms. Hinojosa's property was substantially damaged by a hail storm. As a result, the interior, exterior, roof and other structures of the property were damaged. After the storm, Ms. Hinojosa filed an insurance claim under the Policy with the insurance company Companion for damages to the property caused by the hail storm.
- Ms. Hinojosa submitted a claim to Companion under the Policy for damage to the roof, interior, exterior and other structural damage to the property. Ms. Hinojosa asked that the cost of repairs be covered pursuant to the Policy.

- Companion is the insurer on the property. Companion assigned Wellington as the adjuster to investigate and adjust the claim. Wellington performed an inspection of the property and prepared an estimate of damages. That estimate underestimated the extent and value of the damages to the property. Wellington performed an inadequate, incomplete and unreasonable investigation of Plaintiff's claim.
- Companion and Wellington wrongfully denied Ms. Hinojosa's claim for property repairs. Furthermore, Defendants have underestimated damages during their investigation. Defendants have chosen to continue to deny timely payment of the damages. As a result, Ms. Hinojosa has not been fully paid under the Policy provided by Companion since the hail storm.
- As a result of Defendants' acts and/or omissions, Ms. Hinojosa was required to retain an attorney to prosecute its claim for insurance benefits.
- Unfortunately, Defendants have delayed payment for Ms. Hinojosa's necessary and covered property repairs under its insurance policy. Given the repeated delays of payment, Ms. Hinojosa has been subjected to significant economic impact, worry, distress, and continuing economic and physical damage. In addition, Ms. Hinojosa has suffered financial harm and damage as a result of Defendants' denials and repeated delays. The significant effect of Defendants' wrongful and unjustified delays, however, is still uncompensated.
- Companion and Wellington failed to attempt to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A) (formerly Art. 21.21 §4(10)(ii)).
- Companion and Wellington failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.
- Companion and Wellington failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claim, in violation of Texas Insurance Code Section 541.060 (a)(3) (formerly Art. 21.21 §4(10)(iv).
- Companion and Wellington refused to pay a claim without conducting a reasonable investigation with respect to the claim, in violation of Texas Insurance Code Section 541.060 (a)(7) (formerly Art. 21.21 §4(10)(vii)).
- Companion and Wellington misrepresented the insurance policy under which it affords property coverage to Plaintiffs, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1) (formerly Art. 21.21 §4(11)(a). Companion and Wellington misrepresented the insurance policy to Ms. Hinojosa, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1) (formerly Art. 21.21 §4(11)(a).
- Companion and Wellington misrepresented the insurance policy under which it affords property coverage to Ms. Hinojosa, by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2) (formerly Art. 21.21 §4(11)(b). Companion and Wellington misrepresented the insurance policy to Ms. Hinojosa by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2) (formerly Art. 21.21 §4(11)(b).
- Companion and Wellington misrepresented the insurance policy under which it affords property coverage to Ms. Hinojosa, by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section

541.061 (3) (formerly Art. 21.21 §4(11)(c) and Texas Insurance Code Section 541.002 (1) (formerly Art. 21.21 §4(11)(e)). Companion and Wellington misrepresented the insurance policy to Ms. Hinojosa by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) (formerly Art. 21.21 §4(11)(c) and Texas Insurance Code Section 541.002 (1) (formerly Art. 21.21 §4(11)(e)).

- Companion and Wellington knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1) (formerly Art. 21.21 §2(c).
- Companion and Wellington failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).
- Companion and Wellington failed to timely commence investigation of the claim or to request from Ms. Hinojosa any additional items, statements or forms that Companion and Wellington reasonably believe to be required from Ms. Hinojosa in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).
- Companion and Wellington failed to notify Ms. Hinojosa in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by Companion in violation of Texas Insurance Code Section 542.056(a).
- Companion and Wellington delayed payment of Ms. Hinojosa's claim in violation of Texas Insurance Code Section 542.058(a).
- The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendants' violations of the Texas Insurance Code create a cause of action under the DTPA. Defendants' violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.
- Companion and Wellington acted fraudulently as to each representation made to Ms. Hinojosa concerned material facts for the reason they would not have acted and which Companion and Wellington knew were false or made recklessly without any knowledge of their truth. The representations were made with the intention that they be acted upon by Ms. Hinojosa, who relied on those representations, thereby causing injury and damage to Ms. Hinojosa.

*See* Exhibit A.

10. Plaintiff's allegations against Wellington are consistent with other cases in the Southern District of Texas where remand was granted. *Harris v. Allstate Tex. Lloyd's*, No. H-10-0753, 2010 WL 1790744, at *34 (S.D. Tex. Apr. 30, 2010) (granting motion to remand where petition complained that the adjuster was "tasked with handling the insurance claim," "failed to fulfill this task in the manner required by the

8

Texas Insurance Code," "failed to conduct a reasonable investigation," and "failed to attempt a fair settlement"); *Rodriguez v. Standard Guar. Ins. Co.,* No. H–10–3065, 2010 WL 4877774, at *6 (S.D. Tex. Nov. 23, 2010) (granting motion to remand where allegations "resembl[ing] mere formulaic recitations of certain provisions of the Texas Insurance Code" were "clarified and explained by" other allegations in plaintiffs' petition specifically directed at the non-diverse defendant).

11. Moreover, Courts in this District have granted remand in cases where specific and global allegations were made. *See Yeldell v. Geovera Specialty Ins. Co.,* 2012 WL 5451822, slip op. at *4 (N.D. Tex. Nov. 8, 2012) (Lynn, J.)., *Benton,* 2012 WL 3780312, at *2; *Windle,* 2012 WL 1252550, at *4; *Shioleno Indus., Inc.,* 2012 WL 176572, at *3; *Durable Specialties, Inc.*, 2011 WL 6937377, at *6; *Sahinkaya v. Travelers Indem. Co.*, No. 3:10-cv-0717-B, 2010 WL 3119423, at *4 (N.D. Tex. Aug. 5, 2010). In *Yeldell*, the plaintiff's petition alleged that property was damaged, that an adjuster was tasked with handling the claim, and that the adjuster failed to carry out that task in a manner required by the Texas Insurance Code. *Yeldell*, 2012 WL 5451822, at *4. Under the "fair notice" pleading standard, those allegations, if proven true, created a reasonable possibility that plaintiff could prevail on her claims against the adjuster under Texas law. *Id.* As such, the insurance company did not meet its heavy burden in proving that the plaintiff had improperly joined the adjuster and remand was therefore proper. *Id.* at *4–5.

12. As the Court must construe Plaintiff's state-court petition liberally in favor of Plaintiff and supply facts which can be reasonably inferred, Plaintiff's pleading comports with the state court's "fair notice" requirements. There is no doubt that

Defendants ascertained from the pleading the nature and issues of the controversy or could reasonably infer Plaintiff's claims against them from what was stated. Furthermore, Plaintiff complains of Defendants' wrongful denial of their claim, an underestimation of damages, and the failure to reasonably and promptly conclude the claim, among other things. This, along with the asserted causes of actions of Insurance Code, DTPA and prompt payment violations, meet the "fair notice" requirements in Texas state court. Although discovery will present an opportunity to flesh out Plaintiff's claims, the allegations in Plaintiff's petition are sufficient to warrant a remand back to state court because the allegations against Wellington, if proven true, certainly create a reasonable probability that Plaintiff could recover from it.

*C. Furthermore, Evidence Supports Liability of Wellington.*

13. An adjuster can be held liable pursuant to violations of the Texas Insurance Code and the DTPA. Chapter 541 of the Texas Insurance Code expressly provides a cause of action for any practice "specifically enumerated in a subdivision of Section 17.46 of the DTPA." TEX. INS. CODE ANN. § 541.151(2) (Vernon 2010). An adjuster is considered by the Texas Department of Insurance as one who may be held liable under the Insurance Code: "insurers and insurance agents and other persons in their conduct of the business of insurance . . . irrespective of whether the person is acting as insurer, principal, agent, employer or employee, or in other capacity or connection with such insurer." *Liberty Mutual Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 485 (Tex.1998) (*citing* 28 TEX. ADMIN. CODE § 21.21). Chapter 541 Subchapter A of the Texas Insurance Code prohibits any "person" from engaging in deceptive practices in the business of insurance. TEX.

10

INS. CODE ANN. § 541.003 (Vernon 2010); *see also Gasch v. Hartford Accident & Indemn. Co.,* 491 F.3d 278, 282 (5th Cir. 2007). A "person" is defined as "any individual, corporation, association, partnership . . . and any other legal entity engaged in the business of insurance, including agents, brokers, ***adjusters,*** and life insurance counselors." TEX. INS. CODE ANN. § 541.002 (Vernon 2010) (emphasis added); *see also Garrison Contractors*, 966 S.W.2d at 486–87 (the definition of a "person" engaged in the business of insurance in Chapter 541, Subchapter A, is not limited to insurers, but includes individuals and company employees, including adjusters); *Gasch,* 491 F.3d at 283–84 (an adjuster can be held liable under the Texas Insurance Code).

14. Texas' recognition of a licensed adjuster's liability for improperly handling, adjusting and investigating the claim of an insured placed in its control has been repeatedly underscored, and federal courts applying Texas law have also consistently found that adjusters may not evade personal liability for their actions. The Texas Supreme Court has made it clear that an employee may be held personally liable for his own violations of the DTPA, even where the employee did not know that the representations made on behalf of her employer were false. *Miller v. Keyser*, 90 S.W. 3d 712, 718 (Tex. 2003). Further, this Court rejected a Defendant carrier's argument that an "independent non-employee" adjuster cannot be held liable for Texas Insurance Code violations. *See Garza*, 2014 WL 66830 at *2-3; *Rocha*, 2014 WL 68648 at *2-3.

15. Given the state of the law, the allegations pled in Plaintiff's state-court pleading, and the attached documentation, there can be no legitimate basis for the delay imposed by the improvident removal of this case.

16. Companion failed to suggest or provide any evidence to its removal that Texas Defendant Wellington did not adjust Plaintiff's claim. Companion appointed Wellington as its agent to address Plaintiff's claim, and a cause of action under Texas law potentially exists under these circumstances. *Gasch*, 491 F.3d at 283–84 (recognizing that Hartford was acting through its agent, Frazier).

17. Plaintiff's pleading meets the standard for remand because, after indulging every intent to it and after resolving all fact issues in its favor, the state court pleading is a proper "fair notice" pleading, as this Court can reasonably infer causes of action against Texas Defendant Wellington from what was stated. Therefore, Companion has failed to satisfy its heavy burden of proving that Texas Defendant Wellington was improperly joined, and this Court must remand.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that this cause be remanded for all further proceedings to the 139th Judicial District Court of Hidalgo County, Texas, and for such other and further relief to which Plaintiff may be properly entitled.

Respectfully Submitted,

**DOYLE RAIZNER LLP**

_____
JEFFREY L. RAIZNER
State Bar No. 00784806
MICHAEL PATRICK DOYLE
State Bar No. 06095650
KIM GOODLING

        State Bar No. 24036659
        LyondellBasell Tower
        1221 McKinney Suite 4100
        Houston, Texas 77010
        Phone: (713) 571-1146
        Fax:   (713) 571-1148
        **ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

I, the undersigned attorney, do hereby certify that counsel for Plaintiff conferred with counsel for Defendants regarding this Motion to Remand and Defendants are opposed to the relief sought herein.

_____
Jeffrey L. Raizner

## CERTIFICATE OF SERVICE

I, the undersigned attorney, do hereby certify that a true and correct copy of the foregoing document was forwarded to the following counsel of record on this the 13th day of January, 2014, via electronic case filing, hand delivery, overnight courier, U.S. Mail, certified mail, return receipt request, or facsimile, pursuant to the Federal Rules of Civil Procedure.

_____
Jeffrey L. Raizner